The opinion of the Court was delivered by
WhitNEB, J.
The history of this case satisfies this Court that the juries charged with the matters in litigation between the parties, have encountered much difficulty in reaching a conclusion; a mistrial on one occasion, followed by what seems to us to have been a compromise, would be a sufficient warrant not to disturb the verdict, if grounds could be found on which to sustain it. The apparent anomaly suggested, in the second ground of appeal, has failed to satisfy us, that a new trial should be granted on this ground alone. The circumstances are very peculiar, and certainly place the matters in controversy, on grounds not likely to be drawn into prece *297 dent. It is manifest, that a verdict surrendering the slaves to the plaintiffs, and retaining the' steamboat for defendant can only be sustained on the ground .of want of notice, contemplated by the Act of Congress recited in the brief. On this point alone, the judgment of this Court is rested.
Notice of facts to an agent is constructive notice thereof to the principal himself, where it arises from, or is at the time connected with, the subject matter of his agency; for upon general, principles of public policy, it is presumed, that the agent has communicated such facts to the principal; and if he has not, still, the principal having entrusted the agent with the particular business, the other party has a right to deem his acts and knowledge obligatory upon the principal, otherwise the neglect of the agent, whether designed or undesigned, might operate most injuriously to the rights and interests of such party. Such is the statement of a familiar principle to be found in .Stor. on Ag., sec./40, and fully sustained by authorities cited. The defendant, as Sheriff of Georgetown, had levied the attachment on the property in question. Representing the interests of the attaching creditors, to them must the fact of notice be brought. The plaintiff in one of the cases resided in Wilmington, N. C., and the plaintiffs, in the other case resided in New York. That the former had notice of the deed of assignment does not seem to this Court to admit of doubt. The deed had been recorded in the Custom House in Wilmington, and though a question might be raised whether the mere fact of registration in. that office afforded conclusive evidence of notice to him of the assignment, yet taken in connection with his own declarations made in Oonwayborough, all doubt vanishes as to the fact of knowledge derived through that or some other channel. He was not only apprised of the existence of a deed, but of its contents. The reason he gave, shows it clearly; for knowing as he did, that he and the firm in'New York, were postponed to the third class, it by no means followed that an attachment should be resorted to for *298 tbe purpose of securing these debts, unless accompanied with tbe further knowledge of tbe extent of tbe provision made for that class of creditors.
I am next brought to consider whether the New York firm may be saved from the operation of the rule. Joseph B. Blossom was the agent of the New York firm, caused their writ in attachment to be issued, gave the bond in conformity with the Attachment Act, styling himself agent, and his acts have not been repudiated; he was then the accredited agent.
It is objected that the admissions of the agent to Bell were not competent, and that the agent himself should have been called t,o testify. But he was also a party in interest and acting in concert with his principal, prosecuting the claims of each, and setting up these matters of defence through the sheriff for their joint benefit. The declarations were clearly competent. Did they attach as to the principal ? To bind the principal such declarations must constitute a part of the res gestee, otherwise they fall within the class of hearsay. But the proof was that the declarations were made at the very time when the thing for which he was constituted an agent was being done, at the levying of the attachment on the boat Fairy, and serving the witness Bell with a writ as Garnishee; within the terms of the rule, therefore, the agent was then engaged in the transaction of the very business of his agency and under the authority of his principal. Stor. on Ag\, sec. 134, and cases there cited.
But if the agency had not ended, it remains to be enquired whether the notice to the agent was before the agency began, for in such case it is said, it will not ordinarily affect the principal. The reason of this rule is fairly to be collected from the authorities; for unless, it is said, the notice of the facts come to the agent while he is concerned for the principal and in the course of the very transaction or so near before it that the agent must be presumed to recollect, it is not notice thereof to the principal, otherwise the agent may have for *299 gotten it, and tbe principal would be affected by want of memory at tbe time of undertaking tbe agency. Tbis case clearly does not fall witbin tbe reason of tbe rule, and tbe exception therefore, cannot avail tbe defendant.
Tbe motion for a new trial is granted.
O’Neall, Wardi. aw, Withers, and Meneo, JJ., concurred.

Motion granted,.